UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| CHARLES EDWARD FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 5:06-cv-9 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| CARMEN PALMER, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.     Factual Allegations

Petitioner is presently incarcerated at the Riverside Correctional Facility.  After a jury trial, Petitioner was convicted in Ingham County Circuit Court of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and first-degree home invasion, MICH. COMP. LAWS § 750.110(a)(2).  On January 9, 1998, he was sentenced to concurrent prison terms of 25 - 50 years, 80 - 120 months, and 160 - 240 months, respectively.  The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on February 15, 2000.  The Michigan Supreme Court, however, rejected Petitioner's delayed application for leave to appeal because it was filed more than fifty-six days after the decision of the Michigan Court of Appeals in violation of M.C.R. 7.302(C)(3).  *See* App. E to Pet.

On December 5, 2000, Petitioner filed a writ of habeas corpus in this Court raising the following four grounds for habeas relief: (1) the trial court committed reversible error by allowing Petitioner to represent himself for approximately thirty minutes during the beginning of the jury voir dire; (2) the trial court committed reversible error by not granting a motion for a mistrial based on Petitioner's outburst during jury voir dire and based on the accompanying statements directed to the trial judge by two spectators, one of whom stated, "[y]ou [sic] a racist, man," and both of whom informed the court that Petitioner "[h]ad a problem;" (3) the trial court committed reversible error when it failed to *sua sponte* excuse a juror who expressed some concern about her ability to be fair; and (4) the trial court committed reversible error by finding Petitioner was competent to stand trial and refusing to hold a competency hearing.  *See Fields v. Gundy,* No. 1:00-

- 2 -

cv-892 (W.D. Mich.).  In an opinion dated January 2, 2001, this Court explicitly held that Petitioner failed to satisfy the exhaustion requirement as to his fourth ground of habeas relief and dismissed his petition *without prejudice* for lack of exhaustion so he could raise his unexhausted claim in a motion for relief from judgment under M.C.R. 6.500 *et seq.  See* App. H to Pet.  In the Court's judgment, however, the Court stated that Petitioner's application for habeas relief was dismissed *with prejudice* due to a clerical error.  *See* App. I to Pet.

On July 20, 2001, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court "raising the competency issue."  *See* Pet. at 8.  The court denied his motion on February 11, 2003.  The Michigan Court of Appeals denied Petitioner's application for leave to appeal on July 15, 2004, and Petitioner's motions for reconsideration on August 25, 2004 and December 10, 2004.  On September 28, 2005, the Michigan Supreme Court also denied his application for leave to appeal.  Petitioner filed the instant habeas petition on January 6, 2006, raising the following grounds for habeas relief, as stated verbatim from his petition:

> A. THE TRIAL COURT VIOLATED THE SUBSTANTIVE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT WHEN THE TRIAL COURT TRIED AND CONVICTED PETITIONER FIELDS WHILE HE WAS MENTALLY INCOMPETENT TO STAND TRIAL.

> B. WHILE PETITIONER FIELDS WAS INCOMPETENT TO STAND TRIAL AND HIS MENTAL COMPETENCE WAS PUT AT ISSUE THE TRIAL COURT VIOLATED THE PROCEDURAL DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT WHEN IT FAILED TO HOLD A COMPETENCY HEARING TO DETERMINE HIS COMPETENCE.

> C. DEFENSE COUNSEL FAILURE TO CHALLENGE A JUROR WHO STATED ON VOIR DIRE THAT SHOULD WOULD ONLY "TRY" TO BE IMPARTIAL AND THAT MR. FIELDS PROBABLY WOULD NOT WANT HER ON HIS JURY DENIED PETITIONER FIELDS SIX AMENDMENT RIGHT TO TRIAL BY AN IMPARTIAL JURY.

D.     PETITIONER FIELDS SIX AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WAS VIOLATED WHEN STATE APPELLATE COUNSEL FAILED TO RAISE THE ISSUE OF WHETHER TRIAL COURT WAS OBLIGATED TO CONDUCT COMPETENCY HEARING AND THE ISSUE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO CHALLENGE A BIAS JUROR.

II.     <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals affirmed Petitioner's conviction on February 15, 2000. Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court on April 14, 2000, but it was rejected because it was filed more than fifty-six days after the decision of the Michigan Court of Appeals in violation of M.C.R. 7.302(C)(3). Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). However, such a petitioner is not entitled to also count the ninety-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further

- 5 -

review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Accordingly, Petitioner's conviction became final on April 11, 2000. He had one year, until April 11, 2001, in which to file his habeas petition.

Petitioner timely filed his first habeas corpus petition on December 5, 2000. A petition for a federal writ of habeas corpus does not toll the statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Without the benefit of tolling, the one-year statute of limitations expired on April 11, 2001.[2] Petitioner filed his motion for relief from judgment in the Ingham County Circuit Court on July 20, 2001, one hundred days after the statute of limitations expired. A properly filed application for state post-conviction relief will toll the limitations period, 28 U.S.C. § 2244(d)(2), but it does not restart the clock. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). When Petitioner filed his motion for post-conviction relief with the state circuit court,

---

[2]At the time his first habeas petition was dismissed on January 2, 2001, Petitioner had ninety-nine days before the statute of limitations expired on April 11, 2001. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed" petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. Assuming *Palmer* applied to the dismissal of Petitioner's first habeas petition, he had more than sixty days remaining in the limitations period, and, thus, he was not in danger of running afoul of the statute of limitations so long as he diligently pursued his state court remedies.

nothing was left of the one-year statute of limitations to toll.  Consequently, Petitioner's current petition for a writ of habeas corpus is barred unless the  statute of limitations is equitably tolled. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  Petitioner bears the burden of persuading the Court that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09.  In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

While Petitioner acknowledges that his habeas petition is untimely, he argues that the statute of limitations should be  equitably  tolled.   Petitioner claims that his mental illness and confusion over this Court's contradictory January 2, 2001 opinion and judgment warrants equitable tolling.  Petitioner attached three psychiatric evaluations to his petition to support his mental illness. On October 10, 1995, the Center for Forensic Psychiatry (Center) evaluated Petitioner to determine his competency to stand trial.  Due to characterological problems, a brain injury when Petitioner was approximately thirteen years old, and the presence of a possible functional disorder, the Center found that Petitioner was not competent to stand trial.  *See* App. Q to Pet.  The evaluation provides:

- 7 -

> Mr. Fields was well-oriented according to person and place and reasonably well-oriented according to time.  He did demonstrate that he tends to date events concretely as they appear in close approximation to other significant events in his life (e.g. birthdays of family members, being released from jail).  His conversation was coherent and organized; absent were frank indications of an overt thought disorder.  At the same time, however, Mr. Fields did use peculiar concepts; e.g. when talking about difficulties in remembering, he made reference to time anomalies in the space time continuum.  His logic further showed impairment.  Mr. Fields talked of being charged with "murder" and maintained this even when informed that the charge was not that of murder but assault with intent to murder . . . .  From this Mr. Fields appeared capable of entertaining two opposite concepts in mind without noticing their inherent contradiction.

*Id*.

On March 28, 1996, the Center admitted Petitioner for treatment.  *See* App. R to Pet. While at the Center, Petitioner suffered a grand mal seizure on May 8, 1996.  After his seizure, the Center noted  "[Petitioner] reports having difficulty distinguishing dreams from reality and it would probably be indicated to evaluate the possibility of Complex Partial Seizures" and recommended sending Petitioner to the University of Michigan Medical Center for further evaluation.  *See* App. S to Pet.  The University of Michigan Medical Center subsequently found Petitioner suffered from a "complex partial epilepsy secondary to his closed head injury."  App. W to Pet.  Nevertheless, the trial court held that Petitioner was competent to stand trial on June 24, 1996.  *See* App. X to Pet. Two years later, on June 9, 1998, the Macomb Correctional Facility evaluated Petitioner's mental health.  The evaluation noted:

> [Petitioner's history] and presentation are consistent with a behavioral and cognitive and emotional deficit related to prior [history] of closed head injury. . . .  A change in mental status to confusion and impulsivity can come suddenly and dissipate just as suddenly.  Prisoner's ability to learn from behavior is limited and he will be unresponsive to usual de-escalation measures.  If he has certain attitudes and biases, he is likely to rigidly adhere to these ideas despite contrary evidence.

App. JJ to Pet.

- 8 -

While Petitioner's psychological evaluations from 1996 and 1998 reveal that he suffers from the effects of a prior head injury, the records do not show that he was incompetent or incapable of preparing his § 2254 petition during the period of April 11, 2000 to April 11, 2001. Mental or physical illness tolls a statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Price v. Lewis*, No. 03-6467, 2005 WL 23371, at *1 (6th Cir. Jan. 5, 2005) *cert. denied*, 126 S. Ct. 221 (2005)(citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) and *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70 (S.D.N.Y. 2000)). Petitioner actively pursued his legal claims during the limitations period by filing his first habeas petition in December 2000. "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Price*, 2005 WL 23371, at *1(citing *Brown v. McKee*, 232 F.Supp.2d 761, 768 (E.D. Mich. 2002)). Petitioner also sought post-conviction relief in the state trial and appellate courts while allegedly suffering from his mental illness. *See Brown*, 232 F.Supp.2d at 768; *Waters v. Renico*, No. 04-10199-BC, 2005 WL 1838625, at *4 (E.D. Mich. July 29, 2005). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations for his mental illness.

Petitioner also argues that his confusion over a clerical error in this Court's judgment in *Fields*, No. 1:00-cv-892 (W.D. Mich.) warrants equitable tolling. On January 2, 2001, this Court entered an opinion dismissing Petitioner's habeas petition *without prejudice* because he failed to exhaust his state court remedies. *See* App. H to Pet. The judgment, however, dismissed Petitioner's habeas petition *with prejudice* due to a clerical error. *See* App. I to Pet. Petitioner argues that he believed he was barred from filing a timely habeas corpus petition because it would be second or

- 9 -

successive.  A habeas petition filed after a previous petition has been dismissed for failure to exhaust state court remedies is not a second or successive petition.  *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000) (citing *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998)).  On the other hand, a dismissal on the merits forfeits a petitioner's access to further federal habeas review.  *Id.* at 608.  There is nothing in this Court's opinion that would lead Petitioner to believe that he would not be able to re-file a habeas petition after exhausting his state court remedies.  Petitioner even filed a motion for relief from judgment five months later, on July 20, 2001, in the Ingham County Circuit Court in an apparent effort to exhaust his state court remedies as recommended in the opinion.  If Petitioner was confused about the 2001 judgment, he could have immediately requested a clarification from this Court.  Rather, Petitioner waited five years before bringing this error to the Court's attention with the filing of his habeas petition in 2006.  As a result, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930.  This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition

be denied because it is barred by the one-year statute of limitations.


Dated:  February 27, 2006                    /s/ Hugh W. Brenneman, Jr.
                                             Hugh W. Brenneman, Jr.
                                             United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections
may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th
Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).