UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD FIELDS,

    Petitioner,

v.    Case No. 5:06-CV-9

CARMEN PALMER,    HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated February 27, 2006, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. The magistrate judge also considered Petitioner's argument that he is entitled to equitable tolling based upon the mental effects that he suffered as a result of a prior closed head injury and concluded that Petitioner is not entitled to equitable tolling because Petitioner's records show that he was not incapable or incompetent of preparing his § 2254 petition during the period of April 11, 2000, to April 11, 2001. Finally, the magistrate judge concluded that Petitioner's claim that he was confused by the prior judgment of dismissal *with prejudice* should be rejected because Petitioner filed a motion for relief from judgment in the state court five months after this Court dismissed his petition, and Petitioner could have immediately sought clarification from this Court. After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Petitioner asserts in his Objections that the magistrate judge erroneously concluded that Petitioner was not incapable of pursuing his motion for relief from judgment in the state court in a timely manner between January 2, 2001, and April 11, 2001, after Petitioner received this Court's

January 2, 2001, Opinion and Judgment dismissing Petitioner's petition for lack of exhaustion of Petitioner's fourth ground for relief. Petitioner claims that the discrepancy between the opinion, which stated that the petition would be dismissed without prejudice to allow Petitioner to exhaust his fourth claim in state court, and the judgment, which dismissed his claim with prejudice, presented conflicting directives and caused him to believe, because of his mental illness, that he could not refile his habeas petition and that he could not raise his ineffective assistance of counsel claim in his motion for relief from judgment. However, as the magistrate judge observed, Petitioner was able to file his first habeas petition and also sought post-conviction relief in the state trial and appellate courts while allegedly suffering from his mental illness. Moreover, while mental incapacity can serve as a basis for equitable tolling, a petitioner must make a threshold showing of incompetence and demonstrate that the incompetence affected his ability to file his petition in a timely manner. See Nowak v. Yukins, 46 F. App'x 257, 259 (6th Cir. 2002). Here, Petitioner's bare allegations based upon a mere clerical error in the Court's prior judgment stand in stark contrast to the facts the magistrate judge cited as proof that Petitioner was not incompetent to timely pursue his state remedies. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 27, 2006 (docket no. 3) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED** because it is barred by the one-year statute of limitations.

This case is **concluded**.

Dated: April 5, 2006                              /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE